UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-81191-CIV-MATTHEWMAN

PAM QUAGLIOZZI,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

FILED BY KJZ D.C.
Oct 25, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER AWARDING ATTORNEY'S FEES AND COSTS**
**UNDER THE EQUAL ACCESS TO JUSTICE ACT**

**THIS CAUSE** is before the Court upon Plaintiff's Unopposed Amended Motion for Attorney Fees, Costs, and Expenses Pursuant to the Equal Access to Justice Act ("Unopposed Amended Motion") [DE 43]. Having reviewed the record and being otherwise duly advised, Plaintiff's Unopposed Amended Motion [DE 43] is **GRANTED** and Plaintiff is awarded a total of $7,231.84 in attorney's fees, $20.85 in expenses, and $400.00 in costs.

**I.    BACKGROUND**

On July 23, 2020, Plaintiff initiated this case by filing a Complaint [DE 1] under the Social Security Act, seeking judicial review of Defendant's final decision denying her claim for disability benefits. On January 19, 2021, Defendant filed an Answer [DE 9] and a certified copy of the underlying administrative record. [DE 10].[1] Plaintiff thereafter filed an amended motion for summary judgment [DE 24], Defendant filed a competing

---

[1] Defendant filed a Supplemental Transcript, on August 8, 2021. [DE 36].

1

motion for summary judgment and response [DEs 32, 33], and Plaintiff filed a response and reply [DEs 37, 38].

Subsequently, on September 20, 2022, the Court granted Plaintiff's amended motion for summary judgment and denied Defendant's motion for summary judgment. [DE 39 at 55]. Specifically, the Court reversed and remanded this case for further proceedings under sentence four of 42 U.S.C. § 405(g). [DE 39 at 55]. The Court then entered Judgment in favor of Plaintiff. [DE 40]. Plaintiff has now filed the instant Unopposed Amended Motion, requesting $7,231.84 in attorney's fees, $20.85 in expenses, and $400.00 in costs.

## II. ANALYSIS

### A. Entitlement to EAJA Award

Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney's fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d). The EAJA also provides that "fees and other expenses" should be awarded to the prevailing party. 28 U.S.C. § 2412(d)(1)(A), (2)(A). And, the EAJA allows for "costs, as enumerated in section 1920 of this title . . . in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(a)(1).

A plaintiff in a social security appeal prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). Similarly, a premature EAJA request is also timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). An EAJA motion must allege that the Commissioner's position was not substantially justified, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990), and, if alleged, the Commissioner bears the burden to show that it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

Here, Plaintiff prevailed because the Court ordered a sentence-four remand. *See* DE 39 at 55. Plaintiff's Unopposed Amended Motion is timely, as it was filed within 90 days from the Court's entry of judgment in favor of Plaintiff. *Compare* DE 40, *with* DE 43. Plaintiff's net worth was less than $2 million when she filed the case, as demonstrated by Plaintiff's Declaration. [DE 43-1].[2] Further, the Unopposed Amended Motion alleges that the Commissioner's position was not substantially justified, and the Commissioner does not seek to show otherwise. The Commissioner does not contend that this case presents a special circumstance, and none is apparent. Thus, the Court finds Plaintiff is entitled to an EAJA award.

In making this finding, the Court is cognizant that Plaintiff has prematurely filed her request for attorney's fees, as Plaintiff filed the Unopposed Amended Motion just 34

---

[2] Due to Plaintiff's handwriting, the Court inadvertently construed Plaintiff's Declaration as stating 7/22/22, rather than 7/22/2020. Accordingly, the Court denied Plaintiff's original Unopposed Motion [DE 41], which necessitated the filing of Plaintiff's Unopposed Amended Motion [DE 43].

days after the Court entered judgment in her favor (with the original Unopposed Motion filed just 24 days after the Court entered judgment in Plaintiff's favor). Nonetheless, because a premature EAJA request is timely, and because Plaintiff's motion is unopposed—even though Defendant did not agree to a remand and filed a competing motion for summary judgment—the Court finds it appropriate to rule upon Plaintiff's Unopposed Amended Motion at this time and sees no reason to delay Plaintiff's EAJA award.

### B. *Reasonableness of Amount Requested*

Having found that Plaintiff is entitled to an EAJA award, the only remaining issue is whether the requested amount is reasonable. The EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step . . . is to determine the market rate for 'similar services provided by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* (second alteration in original) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

The party seeking fees must demonstrate reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman*, 836 F.2d at 1299. A party seeking EAJA fees must also show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Here, Plaintiff is represented by attorney Heather Freeman, Esq. Plaintiff seeks a total EAJA award of $7,231.84 in fees, to account for 3.6 billable hours of Ms. Freeman's time spent on this matter in 2020 at an hourly rate of $207.78, 26.4 billable hours of Ms. Freeman's time spent on this matter in 2021 at an hourly rate of $217.54, and 3.2 hours of Ms. Freeman's time spent on this matter in 2022 at an hourly rate of $231.49. [DE 43-3]. Ms. Freeman has provided a time log [DE 43-3], which contains a detailed breakdown of the tasks performed, when the tasks were performed, and how long it took to perform them. Ms. Freeman also incurred $20.85 in certified mailing expenses to effectuate service of process and $400.00 in costs for the filing fee in this case. [DEs 43-4, 43-5].

Drawing upon its own knowledge and expertise in the award of attorney's fees, the Court finds that the hours spent are reasonable and that the hourly rate sought—which accounts for applicable cost of living adjustments, 28 U.S.C. § 2412(d)(2)(A)(ii)—is in full accord with applicable statutory standards. *See Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940))). Ms. Freeman specializes in handling social security appeals, as reflected in her many appearances before this Court. Her work in this case included communicating with her client about this case; reviewing the underlying administrative record; researching the issues involved and applicable law; preparing and filing a motion for summary judgment; and reviewing case filings. The Court readily finds that Plaintiff is entitled to the requested attorney's fee amount of $7,231.84 plus $20.58 in expenses and $400.00 in costs.

### C. *Assignment of Fees*

An EAJA award is to the party, not his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010). Because Plaintiff is eligible for an EAJA award and her requested amount is reasonable, the Court grants the motion and awards Plaintiff the fees sought. Plaintiff's counsel represents that Plaintiff has assigned any fees awarded under EAJA to her attorney. [DE 43 at 4]. With such assignment in place, if the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, any remaining EAJA fees should be paid in Plaintiff's name but sent directly to Plaintiff's counsel.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Unopposed Amended Motion [DE 43] is **GRANTED**. Plaintiff is hereby awarded $7,231.84 in attorney's fees, $20.58 in expenses, and $400.00 in costs, which shall be made payable to Plaintiff and sent to Plaintiff's counsel's office after the Commissioner determines whether Plaintiff owes any federal debt.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 25th day of October, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge